**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-61375-JTK**

**SHORE UNITED BANK, N.A.**,

Plaintiff,

v.

**S/V SWEET ANNE MARIE,**
a 2008 60' Privilege Official No. 1322399,
HIN: JMA76B05D708 along with her
equipment, furniture, accessories, electronic
equipment, personal property, apparel,
belongings, fittings, sails, riggings, engines,
boats, and appurtenances, etc. in rem,

Defendant,

and

**VI MARINE TOWING AND SALVAGE, LLC**
and **&BEYOND YACHT CHARTERS, LLC,**

Intervenors.
______________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Magistrate Judge Panayotta D. Augustin-Birch's Report and Recommendation to Dismiss Case Without Prejudice [ECF No. 50], entered on October 30, 2026. On October 14, 2026, Plaintiff Shore United Bank, N.A. filed an Unopposed Motion for Leave to File [ECF No. 45]. On October 30, 2026, Judge Augustin-Birch then issued a Report and Recommendation that the Motion be granted. [ECF No. 50]. Without any timely objections, and after carefully reviewing the Report, the Court agrees with the recommendation that the

case be dismissed. Upon reviewing the record, Judge Augustin-Birch issued the Report recommending that the Unopposed Motion for Leave to File be granted. *Id.* Judge Augustin-Birch found that Plaintiff met the lenient standard required by Rule 15. *Id.*

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition de novo. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a de novo review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the analysis and recommendations stated in

Judge Augustin-Birch's Report, and agrees with Judge Augustin-Birch's conclusion that Plaintiff's Motion be granted. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report [ECF No. 50] is **AFFIRMED AND ADOPTED** and the Motion [ECF No. 45] is **GRANTED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of November, 2026.

**JEFFREY T. KUNTZ**
**UNITED STATES DISTRICT JUDGE**

Cc: counsel of record